**Nahid QIDWAI, Plaintiff—Appellant,**

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant—Appellee.**

**No. 03–56946.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 15, 2005.

Decided Sept. 28, 2005.

Rohlfing Law Firm, Santa Fe Springs, CA, for Plaintiff–Appellant.

Ronald K. Alberts, Esq., Berger Kahn, A Law Corporation, Marina Del Rey, CA, for Defendant–Appellee.

Before: FARRIS, THOMPSON, and BYBEE, Circuit Judges.

## MEMORANDUM *

Whether an individual is totally disabled within the meaning of an ERISA policy is essentially a factual question, subject to a clearly erroneous standard of review. *Deegan v. Cont'l Cas. Co.,* 167 F.3d 502, 508 (9th Cir.1999). Under Qidwai's insurance policy, the district court was required to determine whether petitioner was (1) unable to perform, for wage or profit, the material and substantial duties of both (a) her occupation and (b) any job for which she was reasonably qualified by her education, training or experience; (2) unable

to work at any job for wage or profit; and (3) under the regular care of a doctor. Following careful review of the record, we are satisfied that the district court properly considered all opposing evidence before rejecting one view in favor of the other. There is no error. *See Anderson v. City of Bessemer City,* 470 U.S. 564, 573–74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

AFFIRMED.